Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave., Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
JANET WHITTIER

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| JANET WHITTIER, <br><br> Plaintiff, <br><br> v. <br><br> CONVERGENT OUTSOURCING, INC., <br><br> Defendant. | **Case No.:** 2:15-at-694 <br><br> **PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT

Plaintiff, JANET WHITTIER ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

4. Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency located in Renton, Washington.

10. Defendant is a business entity engaged in the collection of debt within the State of California.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged debt from Plaintiff.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. In or around February 2015, Defendant began placing collection calls to Plaintiff's work telephone number, 916-449-5145.

20. On at least one occasion, Plaintiff spoke with one of Defendant's collection agents.

21. During the aforementioned conversation, Plaintiff repeatedly requested that Defendant stop calling Plaintiff at her place of employment.

22. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff on Plaintiff's work telephone number.

23. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

24. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

25. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(a)(3) of the FDCPA by continuing to contact Plaintiff at Plaintiff's place of employment after Plaintiff told Defendant to stop calling Plaintiff on Plaintiff's work phone number;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant placed collection calls to Plaintiff's place of employment, despite being told to stop; and

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to collection calls to Plaintiff's place of employment after being told to stop calling.

WHEREFORE, Plaintiff, JANET WHITTIER, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

29. Any other relief that this Honorable Court deems appropriate.

# COUNT II
# DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and re-alleges paragraphs 1-25 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

31. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11 of the RFDCPA by continuously calling Plaintiff at Plaintiff's place of employment after Plaintiff told Defendant to stop calling; and

    b. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, JANET WHITTIER, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

32. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

33. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 19, 2015                AGRUSS LAW FIRM, LLC

                                      By: /s/ Michael S. Agruss
                                            Michael S. Agruss
                                            Attorney for Plaintiff
                                            JANET WHITTIER